If we should decide as the defendant's counsel contends for, it would take away at one blow all references to arbitration in *Page 313 
the county courts. Either party dissatisfied would file exceptions to the award and appeal upon their being overruled. In such case, if this Court proceed upon the issue, the award would be forever excluded from consideration, and become a mere nullity, whether in point of law it were good or bad. The meaning of the law adverted to by Mr. Whyte is that when the party appeals from what he supposes to be the injustice or mistake of a jury, in their conclusions of facts from evidence, then that evidence shall be reconsidered by a jury here; but when he appeals from what he supposes to be injustice or error in the judgment of the court, that then the Court here shall reconsider what the court below has done. Were we to have new trials before a jury whenever the court below gives a wrong judgment in point of law, the inconvenience would be great. The parties must then summon all their witnesses on both sides to establish a verdict which is not complained of, nor sought to be rectified, and nothing is aimed at but correcting the judgment of the court, to the doing of which no witness is necessary. We are therefore of opinion that the points in which the county court is supposed to have erred shall be considered here in order to be corrected if wrong. A trial of the issue is entirely out of the question.
Quaere: If an appeal can be regularly taken but from a verdict, or from a sentence on hearing of any cause, according to the act of 1762, ch. 5, or other similar acts (in both of which cases there must be a reexamination of testimony), and whether other sentences and opinions upon mere matter of law should not come up by writ (401) of error.
See Erwin v. Arthur, 1 N.C. 605.